ACCEPTED
14-15-00101-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/9/2015 10:14:56 AM
CHRISTOPHER PRINE
CLERK

**No. 14-15-00101-CV**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/9/2015 10:14:56 AM
CHRISTOPHER A. PRINE
Clerk

*RICARDO G. CEDILLO, JASON C. ZEHNER, J. RUSSELL DAVIS, and DAVIS, CEDILLO & MENDOZA, INC., Appellants;*

*v. IMMOBILIERE JEUNESS ESTABLISSEMENT, Appellee.*

**APPELLANTS' ORAL ARGUMENT EXHIBITS**

Filed 12 October 12 P3:30
Chris Daniel - District Clerk
Harris County
FAX15328027

CAUSE NO. 2012-45412

| | | |
|---|---|---|
| IMMOBILIERE JEUNESS | § | IN THE DISTRICT COURT |
| ESTABLISSEMENT | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| V. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| RICARDO G. CEDILLO, individually, | § | |
| JASON C. ZEHNER, individually, | § | |
| RUSSEL DAVIS, individually, | § | |
| DAVIS, CEDILLO & MENDOZA, INC., | § | |
| AMEGY BANK NATIONAL ASSOCIATION, | § | |
| and STEVEN J. PRITCHARD | § | |
| *Defendants* | § | 215th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Immobiliere Jeuness Establissement, complaining of Defendants, Ricardo G. Cedillo, individually, Jason C. Zehner, individually, J. Russell Davis individually, Davis, Cedillo & Mendoza, Inc., Amegy Bank National Association, and Steven J. Pritchard, and would respectfully show as follows:

### I
### DERIVATIVE ACTION

This action is brought by Immobiliere Jeuness Establissement, a limited partner of 29 Kuykendahl Road Ltd.which in turn is a limited partner of 9.2 Louetta Road Ltd. which are Texas limited partnerships formed in Harris County, Texas. Immobiliere Jeuness Establissement brings this action on behalf of both partnerships pursuant to Section 153.401 of the Texas Business and Organizations Code. All general partners with authority to bring the action have refused to bring the action and/or an effort to cause those general partners to bring the action is not likely to succeed. Immobiliere Jeuness Establissement is a proper Plaintiff because it

PLAINTIFF'S FIRST AMENDED PETITION                                    PAGE 1 OF 27

FAS received $1.4 Million as a "fee" for allegedly developing a viable/finance-able model for Affordable Housing development when in fact FAS played no role in it.

The lawyers representing Beucler and the Original Partnerships in this transaction through June 6, 2011 were Jason C. Zehner ("Zehner"), Davis and Riccardo Cedillo ("Cedillo") of Davis, Cedillo & Mendoza, Inc. (collectively the "Lawyers"). During this time and on information and belief, the Lawyers were simultaneously representing the interest of the Original Partnerships as well as Beucler and other entities involved on the Project. In the transactions, the Lawyers would review the partnership agreements and other transactional documents and advise Beucler individually and as general partner to the Original Partnerships on numerous matters including whether or not he had authority to close the $1.4 Million Loan or go through with other various transactions related to the Project and whether the interests of the Original Partnerships were protected. Furthermore, and astonishingly, Beucler and the Lawyers refused to disclose material information to the limited partners of the Original Partnerships (despite numerous requests by IJE) concerning the $1.4 Million Loan and the Project and instead placed their interest above those of the Original Partnerships all of which adversely affected the Original Partnerships.

## VI
## DISCOVERY RULE

Due to the Lawyers affirmative effort to conceal the truth from Plaintiff as outlined above and as will be outlined further as discovery persists, Plaintiff hereby affirmatively pleads the discovery rule.

Filed 12 October 12 P4:35
Chris Daniel - District Clerk
Harris County
FAX15328162

CAUSE NO. 2012-45412

| | | |
|---|---|---|
| IMMOBILIERE JEUNESS<br>ESTABLISSEMENT<br>    *Plaintiff* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | OF HARRIS COUNTY, TEXAS |
| RICARDO G. CEDILLO, individually,<br>JASON C. ZEHNER, individually,<br>RUSSEL DAVIS, individually,<br>DAVIS, CEDILLO & MENDOZA, INC.,<br>AMEGY BANK NATIONAL ASSOCIATION,<br>and STEVEN J. PRITCHARD<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 215th JUDICIAL DISTRICT |

### PLAINTIFF'S VERIFIED MOTION FOR CONTINUANCE AND RESPONSE TO ALL DEFENDANTS' MOTIONS TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Immobiliere Jeuness Establissement, and files this, its Verified Motion for Continuance and Response to all Defendants Motions to Transfer Venue (the "Response") and moves this Court to deny Defendants' motions and retain the case on the court's docket in Harris County. In support thereof Plaintiff will respectfully show this Court the following:

## I
### VERIFIED MOTION FOR CONTINUANCE

Plaintiff hereby moves for a continuance and requests this Court to grant it permission to file this Response within 30 days from the date of the hearing on Defendants motion or, alternatively, to conduct discovery to oppose the motion. Reasonable discovery is permitted to oppose a motion to transfer venue. TEX. R. CIV. PROC. 88, 258. Indeed, the parties must be given reasonable time to conduct discovery before the venue hearing. *Bridgestone/Firestone, Inc. v.*

*Maranatha Temple, Inc. v. Enterprise Products Co.*, 833 S.W.2d 736, 740 (Tex.App.—Houston [1st Dist.] 1992, writ denied) (emphasis added).

With the foregoing authority in mind, it is clear that the Defendants have failed to meet their "specific denial" burden. First, the Lawyer defendants globally deny Plaintiff's venue facts by simply stating "[t]he Legal Defendants specifically deny the venue facts as plead in Plaintiff's Original Petition and Request for Disclosure if any such facts were plead."[8] Likewise, the Defendant Pritchard improperly asserts an almost identical global denial: "Pritchard specifically denies the venue facts as plead in Plaintiff's Original Petition and Request for Disclosure, if any such facts were plead."[9] Amegy's improper global denial is identical to Pritchard's: "Amegy specifically denies the venue facts as plead in Plaintiff's Original Petition and Request for Disclosure, if any such facts were plead."[10] Because "a 'specific denial' calls for more than just the use of the words 'We specifically deny'", Defendants' attempted specific denials are improper. *Maranatha Temple, Inc.*, 833 S.W.2d at 740. Accordingly, Plaintiff is not required to make prima facie proof of any venue facts and any facts plead should be taken as true. *Id.*; TEX. R. CIV. P. 87(3)(a). Nonetheless, Plaintiff submits the following facts and proof in further support of the venue facts plead and in response to all Defendants' motions to transfer venue.

**B.     HARRIS COUNTY IS THE APPROPRIATE VENUE BECAUSE A SUBSTANTIAL PART OF THE ACTS OR OMISSIONS OCCURRED IN HARRIS COUNTY AND HARRIS COUNTY IS THE ORIGIN OF THE DAMAGES COMPLAINED OF.**

Plaintiff has pled venue facts in its' First Amended Petition that support venue in Harris County, Texas. Pursuant to the Texas Civil Practice & Remedies Code, all lawsuits may be brought "in the county in which all or a substantial part of the events or omissions giving rise to

---

[8] Lawyer Defs. Mot. to Trans. Ven., pg. 2.
[9] Pritchard's Mot. to Trans. Ven., pg. 1

the claim occurred." TEX. CIV. PRACT. & REM. CODE § 15.002(a)(1). In its Petition, Plaintiff asserts that Harris County is the proper venue for the case *sub judice* because "all or a substantial part of Plaintiffs' cause of action arose in Harris County." The petition then goes on, in great lengths, to explain the acts and omissions, conduct and other relations this case has to Harris County.[11] For the sake of ease, these facts will be reiterated herein.

First, the Original Partnerships - of which Plaintiff is a partner - were both formed in Harris County, Texas.[12] The purpose of the Original Partnerships were to acquire real property located in Harris County, Texas and to develop the property, sell or lease the property, and even to borrow money on the property.[13] Thus, the only asset of the Original Partnerships was the raw land in Harris County, Texas.[14] Second, the legal structure of the general partner Radnor, who, with the assistance of the Lawyers and Bank Defendants breached its duties to the partnerships, was put together by lawyers in Houston.[15] Moreover, the closing for the loan which was the very origin of fraud and misconduct at issue took place at American Title Company in Houston, Texas.[16] American Title Company, located in Houston, acted as the escrow agent for the closing and placed a lien on the real property in Harris County, Texas.[17] And the Deeds of Trust evidencing the lien of Intercon was required to be filed in Harris County, Texas.[18]

---

[10] Amegy's Mot. to Trans. Ven., pg. 2
[11] *See* Plaintiff's First Amended Petition, pgs. 4-8.
[12] Exhibit "A-1" and "Exhibit "A-2", Plaintiff's First Amended Petition, pg. 4.
[13] Exhibit "A-1", pgs. 6, 8- 9 (excerpts from the 9.2 Louetta Road, Ltd. Partnership Agreement) and "Exhibit "A-2", pgs. 7, 8-9 (excerpts from the 29 Kuykendahl Road, Ltd. Partnership Agreement), Plaintiff's First Amended Petition, pg. 4.
[14] Plaintiff's First Amended Petition, pg. 4.
[15] Exhibit "A-3" (Beaucler depo, pg. 13), Plaintiff's First Amended Petition, pg. 5.
[16] Exhibit "A-4" (December 24, 2001 and December 28, 2001 letters concerning closing), Plaintiff's First Amended Petition, pg. 5.
[17] Exhibit "A-4", Plaintiff's First Amended Petition, pg. 5.
[18] Exhibit "A-4", Plaintiff's First Amended Petition, pg. 5.

In addition, the Lawyers committed numerous breaches of fiduciary duty and assisted Beucler in breaching his duties to Plaintiff when, upon probing inquiries from Plaintiff concerning the loans, they concealed the truth by concocting a partnership purpose for the use of the loan proceeds which they all knew to be untrue.[19] In January 2006 Plaintiff had its then attorney Howard Cordray, Jr. ("Cordray") assist it in viewing the books and records of the Original Partnerships.[20] Cordray, on behalf of Plaintiff, sent a letter to the Lawyers, who then represented the Original Partnerships, Radnor and Beucler, specifically requesting information related to the loans at issue.[21] However, Plaintiff's request to inspect the books and records was thwarted by the Lawyers.[22] The Lawyers wholly refused to provide this information.[23] Instead, in their effort to conceal the truth for why the $1.4 Million Loan was paid out of construction financing instead of by Beucler or FAS, Beucler and the Lawyers fabricated a partnership purpose; namely, that FAS received $1.4 Million as a "fee" for allegedly developing a viable/finance-able model for Affordable Housing development when in fact FAS played no role in it.[24] The evidence in this case will show these representations to be false and outright fraudulent. Nonetheless, these misrepresentations occurred in the proceeding which took place in Harris County, Texas. In fact, when suit was filed by Plaintiff (in Harris County) against the Original Partnerships to obtain partnership records, the Lawyers initially represented the Original Partnerships as well as Beucler individually.[25] After representing the Original Partnerships for over two years, the Lawyers ultimately withdrew from this suit due to an inherent conflict.[26]

---

[19] Plaintiff's First Amended Petition, pg. 7.
[20] Exhibit "A-5", Plaintiff's First Amended Petition, pg. 7-8.
[21] Exhibit "A-5"; Plaintiff's First Amended Petition, pg. 7-8.
[22] Exhibit "A-5"; Plaintiff's First Amended Petition, pg. 7-8.
[23] Exhibit "A-5"; Plaintiff's First Amended Petition, pg. 7-8.
[24] Exhibit "A-6"; Plaintiff's First Amended Petition, pg. 7-8.
[25] Exhibit "A-7"
[26] Exhibit "A-7"

# Timeline – *IJE v. Davis, Cedillo, & Mendoza Inc. et al.*

**2012**

| | | |
|---|---|---|
| August 12 | Case filed | (CR9) |
| September 17 | DCM files Original Answer Subject to Motion to Transfer Venue | (CR42) |
| November 2 | Motion to Transfer Venue denied | (CR262) |

**2013**

| | | |
|---|---|---|
| January 18 | DCM issues written discovery to Plaintiffs | (CR1654; CR1642) |
| January 24 | Plaintiffs issue written discovery to DCM | (CR1620; CR1631) |
| **February 26** | **DCM files Motion for Abatement** | (CR 265) |
| March 8 | Motion for Abatement granted, case abated | (CR 312) |
| March 14 | Plaintiffs file Motion to Clarify Ruling on Abatement | (CR 313) |
| April 5 | Court issues revised order granting Motion for Abatement | (CR 343) |
| June 5 | Plaintiffs file Motion to Reconsider and/or Lift Abatement | (CR 346) |
| July 12 | Court denies Motion to Reconsider | (CR 375) |
| July 30 | Plaintiffs file Second Motion to Reconsider and Lift Abatement | (CR 378) |
| August 12 | Court denies Second Motion to Reconsider | (CR 639) |
| September 4 | Plaintiffs file Petition for Writ of Mandamus | (CR 641) |

**2014**

| | | |
|---|---|---|
| February 6 | Court of Appeals issues order affirming abatement as to IJE and reversing it as to 9.2 Louetta and 29 Kuykendahl | (CR 1356) |
| February 26 | Court issues Amended Order on Abatement | (CR 1377) |
| **June 27** | **IJE registers to do business in Texas** | (CR 1434) |
| July 16 | Plaintiffs file Motion to Lift Abatement | (CR 1428) |
| **August 15** | **Court lifts abatement** | (CR 1439) |
| September 4 | Court issues docket control order | (CR 1440) |
| December 5 | DCM files Motion to Compel Arbitration | (CR 1463) |